**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Jess R. Brown,** | ) | **CASE NO. 5:15CV1405** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **LaShann Eppinger, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| | ) | |
| **Respondent.** | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge George J. Limbert (Doc. 24) recommending that this Court dismiss petitioner's Petition for Writ of Habeas Corpus (Doc. 1) and deny petitioner's Motion to Amend (Doc. 10) and Motion for Request for Leave to Amend (doc. 15) as moot. Petitioner has filed Objections to the Report and Recommendation. Also before the Court is petitioner's request for habeas counsel (Doc. 28 and 29). For the reasons set forth below, the Report and Recommendation is ACCEPTED, and petitioner's request for counsel is DENIED.

1

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the district court reviews *de novo* those portions of a report of a magistrate judge to which a specific objection is made. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985). The judge may accept, reject, or modify any proposed finding or recommendation.

**Discussion**

On January 5, 2006, a Summit County, Ohio grand jury indicted petitioner on one fourth-degree felony Operating Under the Influence of Alcohol or Drugs (OMVI) charge with a repeat OMVI offender specification, O.R.C. 4511.19; one first-degree misdemeanor Driving Under Financial Responsibility Law Suspension or Cancellation (DUS) charge, O.R.C. 4510.16; and one minor-misdemeanor Possession of Marijuana charge, O.R.C. 2925.11(A). On November 22, 2006, when his case was still pending, Brown was arrested on new OMVI charges. On December 7, 2006, a Summit County, Ohio grand jury issued a supplemental indictment and indicted Brown on one fourth-degree felony OMVI charge with a repeat OMVI offender specification, O.R.C. 4511.19(A)(1)(a); one fourth-degree felony OMVI test refusal charge, O.R.C. 4511.19(A)(2); one first-degree misdemeanor Driving Under Suspension charge, O.R.C. 4510.11; one first-degree misdemeanor Driving Under OMVI Suspension charge, O.R.C. 4510.14; one minor misdemeanor Stop Sign Violation charge, O.R.C. 4511.12; and one third-degree misdemeanor Negligent Assault charge, O.R.C. 2903.14.

On January 2, 2007, with the benefit of legal counsel, Brown withdrew a previously filed motion to suppress his oral statements and pled guilty to all charges in the original and

supplemental indictments. Petitioner was ultimately sentenced to 15 years in prison with a discretionary period of up to three years for post-release control. The extensive procedural history of the state-court proceedings is summarized in Magistrate Judge Limbert's Report and Recommendation. (R&R at 2-7).

Petitioner filed his petition in this Court on July 15, 2015, raising two grounds for relief: (1) appellate counsel was ineffective for failing to "glean the fact that first-appointed-trial counsel did not advise [petitioner] of his right to a speedy trial nor of the violation thereof"; and (2) appellate counsel was ineffective for failing to argue on appeal that second-appointed-trial counsel did not develop the record regarding initial counsel's failure to advise petitioner of his speedy trial rights.

Magistrate Limbert determined that, even with the benefit of statutory tolling, petitioner's § 2254 petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 one-year statute of limitations period set forth in 28 U.S.C. § 2244(d)(1). Magistrate Limbert further found that petitioner is not entitled to equitable tolling because he has not been pursuing his rights diligently, no extraordinary circumstance stood in his way, and petitioner did not argue that he is actually innocent. (*See* R&R at 20-21).[1]

---

[1] Magistrate Limbert found that Petitioner's Motion to Correct a Void Sentence was filed for AEDPA statutory tolling purposes on September 10, 2008, the date that petitioner gave it to prison officials for filing. He then based his calculations regarding the statute of limitations on this date. As Respondent points out, however, Ohio does not recognize the prison mailbox rule, so the filing date of petitioner's motion is actually September 18, 2008, the date that it was filed by the clerk of court's office. *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 753 (6th Cir. 2011) (noting that under Ohio's procedural rules, a document is not deemed filed until the clerk of court's office files the document). Nevertheless, this difference in dates does not affect the conclusion that petitioner filed his petition outside AEDPA's one-year limitations period.

In his Objections, petitioner does not dispute that his petition was untimely but argues that he is entitled to equitable tolling to excuse his tardiness. Specifically, he maintains that he acted with due diligence "from the very moment that he became aware of counsels [*sic*] misrepresentations" and that he is a "layman of the law and not capable of navigating the legal system." (Pet.'s Objs.at 1). He also argues that it would be a miscarriage of justice if the Court does not review the merits of his claim.

Petitioner's objections are not well-taken. For the reasons discussed in the Report and Recommendation and Respondent's Response to Petitioner's Objections, petitioner did not diligently pursue his rights and he has not established that extraordinary circumstances outside his control prevented him from timely filing his petition. The fact that he is a layman does not excuse his tardiness. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quotations omitted) ("this court has repeatedly held that ignorance of the law alone is not sufficient to warrant equitable tolling"). Indeed, as Magistrate Limbert noted in his Report and Recommendation, "Petitioner could have easily discovered his right to a speedy trial had he preformed even a cursory inquiry into his rights, as [such a right is set forth in] the Sixth Amendment to the Constitution of the United States." (R&R at 20-21). Nor is this a case where a miscarriage of justice would occur if the Court does not reach the merits of the petition. The miscarriage of justice exception "applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1933 (2013) (quotations omitted). Petitioner has identified no such evidence.

Because petitioner's petition is untimely, Magistrate Limbert also correctly determined

that petitioner's Motion to Amend and Motion for Leave to Amend should be denied as moot as any amendments would be futile. Finally, this is not a case where the interests of justice require the appointment of counsel. 18 U.S.C.A. § 3006A (West).

**Conclusion**

For the reasons stated above, the Report and Recommendation of Magistrate Judge Limbert recommending dismissal of petitioner's pending Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 (Doc. 1) and denial of petitioner's Motion to Amend (Doc. 10) and Motion for Request for Leave to Amend (doc. 15) is accepted. Magistrate Judge Limbert correctly determined that petitioner is not entitled to a writ of *habeas corpus*. Further, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.


                                           /s/Patricia A. Gaughan
                                        PATRICIA A. GAUGHAN
Date: 7/21/16                        United States District Judge